FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS MICHAEL HOGAN,<br><br>Defendant. | No. 2:18-CR-00058-RMP-1<br><br>ORDER FOLLOWING MOTION HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 26)** |

At Defendant's June 28, 2018, motion hearing, Defendant was present, out of custody, with counsel Bevan J. Maxey. Assistant U.S. Attorney David M. Herzog appeared for the United States. U.S. Probation Officer Johnathon Bot was also present.

Defendant is released on conditions and awaiting trial on charges of Receipt and Production of Child Pornography, alleging in particular the use of internet messaging services and "chat rooms" to entice minors into sexual activity. A condition of Defendant's pretrial release is that he not have access to the internet. Defendant now moves the Court to modify his pretrial release conditions to allow him to access the internet for business purposes.

The Court has reviewed Defendant's motion to modify conditions, ECF No. 26, and the argument of counsel.

Defendant suggests that his internet usage can be monitored by U.S. Probation through the use of a third party software called Covenant Eyes.

ORDER - 1

Alternatively, Defendant suggested that keystroke-logging software could be installed on his computer, to record all computer activity.

Internet access *per se* does not make a defendant a flight risk or a danger to the community. Risk depends on the purpose for which the internet is used, and the particular websites visited.

The parties and U.S. Probation Officer Jonathon Bot described "Covenant Eyes" as software that is installed on Defendant's computer, which periodically reports to a designated monitor such as United States Probation, whether certain pre-identified websites have been visited during the previous reporting period. The prophylactic effect is limited because the software only notifies after the fact that prohibited websites have been visited, and then only for specific websites which have been identified beforehand, and programmed into the software. The government also argues that "many other unidentified websites could be visited undetected" which is, at least in part, a speculative rehash of the risks this Court has already evaluated in assessing Defendant's likelihood of following court-ordered conditions of pretrial release.

The government also opposes the alternative proposed by Defendant, namely logging all of Defendant's keystrokes for subsequent review by United States Probation. The government argues that reviewing such a log would be an undue burden on the Pretrial Services Officer. This generic objection may not survive in the face of specific information regarding the actual volume of internet use, the range or number of accustomed internet address used in the business, and whether the raw data can be organized or summarized to expedite review.

Finally, in view of the United States' additional objections that it is ulimately "chat rooms" and "instant messaging" and photographic attachments that must be prevented, the Court inquired if Defendant's computer use could be limited to email use only, *sans* attachments or other embellishments. The parties were not able to address this question.

The record and the information presented to date does not persuade the Court that Defendant's proposal would effectively limit his internet activity, or reasonably assure the safety of the community or other persons.

Therefore, Defendant's motion, **ECF No. 26**, is **DENIED with leave to renew**.

**IT IS SO ORDERED.**

DATED June 29, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE