FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS MICHAEL HOGAN,<br><br>Defendant. | No. 2:18-CR-00058-RMP-1<br><br>ORDER ON MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION DENIED**<br>**(ECF No. 42)** |

At Defendant's February 12, 2019, hearing on Motion to Modify Conditions of Release, Defendant was present, out of custody, with Attorney Bevan Maxey. Assistant U.S. Attorney David M. Herzog appeared for the United States. Both sides presented argument. Defendant's witness Kevin Peden testified telephonically.

The Court has reviewed Defendant's Motion to Modify Conditions of Release, **ECF No. 42**, including the Declaration of Mr. Peden, the United States' response, **ECF No. 44**, the statements of expert witness Kevin Peden made in open court, and the argument of counsel.

As a threshold matter, Defendant must proffer information not previously available to Defendant or his counsel, which materially affects a prior determination by the Court. 18 U.S.C. 3142(f)(2)(B) *et. seq*. Defendant argues that identification and availability of the "Teramind" software to remotely monitor and, somewhat block, the internet activity of a given computer is newly available information material to release conditions previously imposed by this Court.

Defendant further urges the Court to consider that his limited access to the internet is essential to his business and livelihood, and that under the present

ORDER - 1

conditions of pretrial release his business relies on his brother's computer prowess, which has been less than desired.

The United States argued that Teramind functions similarly to the "Covenant Eyes" presently utilized by the United States Probation to monitor the computer use of people it supervises, and previously rejected by this court as inadequate for this case, **ECF No. 30**. Both programs can record websites visited by the monitored computer. While both programs have a limited ability to prevent access to specific websites, as well as websites associated with specific words or phrases, it is not possible to identify all problematic websites, or all words or phrases or slang terms that will eliminate access to a constantly changing array of problematic websites. Accordingly, the **Court finds** that Defendant has not proffered new information material to release conditions.

Further, in a case where there is probable cause that Defendant has produced child pornography by using the internet to entice minors in the Philippines to provide sexually explicit photographs as a predicate to in-person meetings, and Defendant is somewhat adept at using the computer and the internet, and Defendant asks for access to the internet to do business in, *inter alia*, the Philippines, Court finds that the proposed change in release conditions would not reasonably assure the safety of the community or the appearance of defendant for further proceedings.

Therefore, **IT IS ORDERED**, Defendant's Motion to Modify Conditions of Release, **ECF No. 42**, is **DENIED**.

**IT IS SO ORDERED**.

DATED February 13, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE