FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS MICHAEL HOGAN,<br><br>Defendant. | No. 2:18-CR-00058-RMP-1<br><br>ORDER FOLLOWING PRETRIAL RELEASE REVOCATION HEARING<br><br>**MOTION GRANTED**<br>**(ECF No. 109)** |

At Defendant's January 28, 2020, detention hearing, Defendant was present, in custody, with Attorney Bevan Maxey. Assistant U.S. Attorney David Herzog represented the United States.

The United States moved to revoke Defendant's pretrial release, **ECF No. 109,** alleging he utilized the internet in violation of release condition number 22, **ECF No. 114**. The government presented the testimony of United States Probation Officers Jonathan Bot and Corey McCain, as well as Department of Homeland Security Special Agent Shannon Hart. Defendant presented the testimony of his employee Travis Johnson. All witnesses were cross-examined. The Court also considered the argument of counsel and the Petition at **ECF No. 114**.

There is evidence before the Court that the "Snapchat" social networking application functions through the internet. There is also evidence that, while the Safari internet browser on Defendant's smartphone was disabled, the phone's Wi-Fi function was operational and could readily connect Defendant's phone to the internet via a wireless router. Such a router was operating in Defendant's home. Finally, there is also testimony and evidence that Defendant told his probation officers that he was using "Snapchat" to communicate with his son.

On this evidence, the Court **FINDS** that Defendant has violated condition

ORDER - 1

number 22 of his pretrial release, **ECF No. 16**.

In determining the consequences of this violation, the Court has considered that the nature of the offense with which Defendant is charged is directly related to use of the internet for illegal purposes.

The Court has also considered the flagrancy of the violation. Specifically, Defendant previously brought two hearings, complete with live testimony, requesting permission to access the internet. In both cases, permission was denied. **ECF Nos. 30 and 49.**

The purpose of the admitted internet access is relevant. Defendant asserts this was to communicate with his son. However, he personally drives his son to school daily, **ECF No. 41**. Further, Defendant has regularly communicated with his supervising probation officers with "text messaging," which is a phone number-to-phone number technology that requires neither the internet nor a smart phone. Defendant's proffered reason for the violation is questionable.

Finally, the government alleges that Defendant was accessing the internet to arrange his flight from prosecution. This is based upon (1) triple hearsay statements from a son, through an ex-wife, to a probation officer and (2) government's Exhibit 1, apparently a preliminary "dump" from the smart phone seized from Defendant. This purports to be a somewhat guarded and oblique text conversation over the "Dark Web," regarding the purchase of a fake Idaho driver's license. While the evidence is somewhat inferential, it is consistent with an intention to flee, and is unrebutted.

On this evidence the Court **FINDS** that the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community. Accordingly, Defendant's pretrial release is **REVOKED**. **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 109**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with his counsel.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED January 29, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 3