William D. Hyslop
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 835-6347

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 1 8 2020

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS MICHAEL HOGAN,<br><br>Defendant. | Case No.: 2:18-CR-00058-RMP-1<br><br>PLEA AGREEMENT<br><br>Federal Rule of Criminal Procedure 11(c)(1)(C)<br><br>Court:<br>Hon. Rosanna Malouf Peterson<br>United States District Judge |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, and Defendant Dennis Michael Hogan ("Defendant"), both individually and by and through Defendant's counsel, Bevan Maxey, hereby agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties For Criminal Charges</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to enter a plea of guilty to Count 2 of the Superseding Indictment filed on December 17, 2019, charging Defendant with one count of Online Enticement, in violation of 18 U.S.C. § 2422(b).

Plea Agreement - 1

Defendant understands that Online Enticement, in violation of 18 U.S.C. § 2422(b), as charged in Count 2 of the Superseding Indictment, is a Class A felony offense that carries the following potential penalties: a term of imprisonment of no less than 10 years and up to a lifetime; a term of supervised release of not less than 5 years and up to a lifetime; a fine of up to $250,000; restitution; mandatory registration as a sex offender; a $100 special penalty assessment; and an additional mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015, absent a judicial finding of indigence.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision. Defendant also understands that he will be required to pay restitution and register as a sex offender.

2. <u>The Court is Not a Party to the Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant understands that sentencing is a matter solely within the discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate, consistent with the Rule 11(c)(1)(C) nature of this Plea Agreement.

Although the United States and Defendant agree to recommend that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court impose a term of imprisonment between 120 and 180 months, to be followed by a lifetime term of supervised release, Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose. Defendant understands that the Court is required to consider the applicable Guidelines sentencing range, but may vary upward or downward from that sentencing range.

Plea Agreement - 2

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 180 months. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 120 months or a term of supervised release of less than Defendant's lifetime.

Defendant and the United States acknowledge that the imposition of any fine, restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that parties are free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or conditions of supervised release; and that the Court will exercise its discretion in this regard.

Defendant and the United States acknowledge that the Court's decisions regarding the imposition of a fine, restitution, or conditions of supervised release will not provide a basis to withdraw his guilty pleas or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

3.  Effect on Immigration Status:

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant expressly waives his right to bring pretrial motions and acknowledges that all defense motions currently pending before the Court are mooted by this Plea Agreement. Defendant expressly waives all challenges to the constitutionality of the statutes of conviction.

5. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Online Enticement, in violation of 18 U.S.C. § 2422(b), as charged in Count 2 of the Superseding Indictment, the United States would have to prove beyond a reasonable doubt the following:

    a. *First*, between on or about August 24, 2016, and on or about August 27, 2016, within the Eastern District of Washington and elsewhere, Defendant used a facility or means of interstate commerce, namely, the Internet, to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in sexual activity;

      b.    *Second*, Defendant could have been charged with a criminal offense for that sexual activity, namely, production of child pornography in violation of 18 U.S.C. § 2251(a), (e), and attempting to engage in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c), (e); and

      c.    *Third*, Defendant acted knowingly.

6.    <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty pleas. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this Agreement.

Between August 2016 and April 2018, while he was in the Eastern District of Washington, Defendant communicated with females in the Philippines who had not attained the age of 18 years (for purposes of this Factual Basis, "females"). Defendant acknowledges that each of the females represented to him that she had not attained the age of 18 years.

Defendant used Facebook and the Internet to communicate with each female, and Defendant acknowledges that the Internet is a means and facility of interstate and foreign commerce. In his communications with the females, Defendant repeatedly asked each of them to produce sexually explicit images of themselves and/or other females. Defendant acknowledges that the images he requested constitute child pornography under federal law. Defendant asked the females to send those images to him via Facebook and the Internet. In exchange, Defendant paid the females via money transfers for the child pornography that they sent him.

With regard to Count Two of the Superseding Indictment, between August 24, 2016, and August 27, 2016, Defendant knowingly used the Internet to entice Minor

Plea Agreement - 5

1   Female 1, a person who was 16 years old and told Defendant she was 16 years old, to
2   engage in sexual activity for which Defendant could have been charged with another
3   crime, namely, production of child pornography in violation of 18 U.S.C. § 2251(a),
4   (e), and attempting to engage in illicit sexual conduct in foreign places, in violation of
5   18 U.S.C. § 2423(c), (e). Defendant acknowledges that he acted knowingly.

    Defendant acknowledges that he used Facebook and the Internet to make
    arrangements for Minor Female 1 and other females to see him in person when he
    traveled to the Philippines in foreign commerce.

    Defendant also acknowledges that he enticed females (a) to take part in sexually
    explicit conduct for the purpose of producing visual depictions of such conduct, and
    (b) to send him those visual depictions using Facebook messenger and the Internet.
    Defendant acknowledges that when females sent him images of child pornography
    that he requested via Facebook messenger, the visual depictions were transported in
    foreign commerce from the Philippines to the United States using the Internet.

    Between August 24, 2016, and August 27, 2016, Defendant used Facebook
    messenger to request that Minor Female 1 to take images of child pornography of
    herself and send them to him, and to meet him on his next trip to the Philippines.
    Defendant wired Minor Female 1 $1000 Philippine pesos (approximately $19).

    Defendant acknowledges that when law enforcement executed a lawful search
    at his residence in August 2017, they recovered numerous images of child
    pornography, including images that Defendant solicited from females in the
    Philippines.

    Defendant acknowledges that law enforcement officers recovered chats and
    messages in which he discussed engaging in illicit sexual conduct with females in the
    Philippines.

    Defendant also acknowledges that law enforcement officers recovered
    Defendant's passport and travel documents consistent with him traveling to the
    Philippines on the dates he referenced in his chats with the females.

Plea Agreement - 6

In a consensual interview, Defendant admitted that he had been using Facebook to solicit and receive images of child pornography and to negotiate the terms of commercial sex with Facebook users who had identified themselves in their Facebook profiles, and in the communications, as minor females in the Philippines.

7. The United States' and Defendant's Agreements

    a. Dismissal And Agreement Not To Bring Other Charges

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the Superseding Indictment filed on December 17, 2019, which charge Defendant with: Distribution and Attempted Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 1); Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts 3, 7, and 13); Receipt and Attempted Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Counts 4, 8, and 9); Travel in Foreign Commerce With a Motivating Purpose of Engaging in Illicit Sexual Conduct, and Attempt to Travel in Foreign Commerce With a Motivating Purpose of Engaging in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), (e) (Counts 5 and 10); Online Enticement and Attempted Online Enticement, in violation of 18 U.S.C. § 2422(b) (Counts 6 and 12); and Possession and Attempted Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 11).

The United States Attorney's Office for the Eastern District of Washington also agrees not to charge Defendant with Sex Trafficking by Force, Fraud, or Coercion, in violation of 18 U.S.C. § 1591(a)(2), (b)(1) or Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(2), (b)(2) based on information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.

b. <u>Request To Dismiss Stevens County Case</u>

Upon entry of Defendant's guilty plea in this case, the United States will formally request that the Stevens County Prosecutor's Office dismiss the charge of Assault in the Third Degree – Fireman, Case Number 19-1-00280-33, in Superior Court of Washington, County of Stevens.

Defendant acknowledges that the United States does not have the authority to dismiss State charges, and that the Stevens County Prosecutor's Office may decline any request from the United States.

8. <u>United States Sentencing Guideline Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") are applicable to this case and that the Court will determine Defendant's applicable Guidelines range at the time of sentencing, pursuant to the Guidelines. Defendant and the United States agree to the following Guidelines calculations.

a. <u>Count 2: Online Enticement</u>

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Online Enticement | 28 | U.S.S.G. § 2G1.3(c) |
| Use of a computer to solicit participation | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Total | 30 | |

b. <u>Relevant Conduct</u>

The United States and Defendant agree that Defendant's relevant conduct included a sufficient number of victims to increase Defendant's Combined Offense Level by five levels pursuant to U.S.S.G. § 3D1.4. Accordingly, the United States and Defendant agree that Defendant's combined offense level is 35, before the application of any other Specific Offense Characteristics or enhancements. U.S.S.G. § 3D1.4(a).

c. <u>Increase Under U.S.S.G. § 4B1.5</u>

The United States and Defendant agree that Defendant's Offense Level should also be increased by five levels pursuant to U.S.S.G. § 4B1.5(b)(1) and the Application Notes of Section U.S.S.G. § 4B1.5(b)(1).

Plea Agreement - 8

   d. <u>No Other Agreements</u>

Defendant understands and acknowledges that so long as the United States recommends a sentence of incarceration of no more than 180 months, the United States is free to seek and recommend increased punishment, as well as additional sentencing Guidelines enhancements, departures, and upward variances for Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, Defendant's relevant conduct, and any conduct in which Defendant engaged, or in which he is alleged to have engaged, while on pretrial release.

   e. <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant: accepts this Plea Agreement and enters a guilty plea no later than February 18, 2020; demonstrates a recognition and an affirmative acceptance of personal responsibility for his criminal conduct; provides complete and accurate information during the sentencing process; and does not commit any obstructive conduct. Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any Supervised Release violation or criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

Accordingly, the United States and Defendant agree that Defendant's final adjusted offense level, absent the application of any other Specific Offense Characteristics or enhancements, will be level 37.

   f. <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations as to Defendant's criminal history category, which will be determined by the Court after the Presentence Investigative Report is completed.

Plea Agreement - 9

9. <u>Incarceration</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that a fair and just term of incarceration for Defendant is between 120 and 180 months, to be followed by a lifetime term of supervised release. Defendant understands that the United States intends to recommend 180 months. The United States understands that Defendant intends to recommend 120 months.

If the Court does not accept Defendant's guilty plea or Plea Agreement, or chooses to sentence Defendant to a term of imprisonment greater than 180 months or less than 120 months of incarceration, Defendant and/or the United States may withdraw from this Plea Agreement and the Agreement will be null and void.

10. <u>Supervised Release</u>

The United States and Defendant agree to recommend a lifetime term of supervised release. The United States and Defendant have no agreement as to the conditions of supervised release that the Court will impose, except as set forth below. Defendant acknowledges that the Court's decision regarding the conditions of Supervised Release is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis to withdraw his guilty pleas, withdraw from this Plea Agreement, or appeal his convictions, sentence, or terms of supervised release. The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release and the special conditions of supervised release that are imposed in all child sex offender cases in this District, the Court impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

  b. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

11. <u>Criminal Fine</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Defendant acknowledges that the Court's decision regarding a fine is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis to withdraw his guilty pleas, withdraw from this Plea Agreement, or appeal his convictions, sentence, or fine.

12. <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in all assets listed herein, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

Plea Agreement - 11

a. one homemade desktop computer, serial number unknown;
b. one Sony Vaio laptop computer, serial number CXSMM01BRD02D330;
c. one Micron laptop computer, serial number 1684842-0001; and
d. one PNY 120GB Internal Computer Hard Drive, serial number PNY1516217557001027DB.

Defendant stipulates that he is the sole owner of the assets listed above and that no one else has an interest in these assets. Defendant acknowledges that the assets listed above, which he is agreeing to forfeit, are subject to forfeiture, pursuant to 18 U.S.C. § 2428, as property used or intended to be used in any manner or part to commit or to facilitate the commission of Online Enticement, in violation of 18 U.S.C. § 2422(b), to which he is pleading guilty. Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets that he is agreeing to forfeit in this Plea Agreement. Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

13. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment. Defendant agrees that pursuant to the JVTA, an additional mandatory special assessment of $5,000 must be imposed upon conviction, absent a judicial finding of indigence.

14. <u>Restitution</u>

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 3663A, and 3664. Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay the agreed upon restitution amount for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

    a. <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing.[1] The interest on this restitution amount, if any, should be waived.

    b. <u>Payments</u>

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligations.

---

[1] At the time of the entry of the Plea Agreement, the United States has not received restitution requests. If the United States receives restitution requests prior to sentencing, the United States will inform the Court and defense counsel.

Plea Agreement - 13

c. <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d. <u>Notifications and Waivers</u>

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k).

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F).

These obligations ceases when Defendant's restitution is paid-in-full.

Plea Agreement - 14

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty pleas, withdraw from this Plea Agreement, or appeal his convictions, sentence, or restitution order.

15. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever, tests positive for any controlled substance, or violates a condition of his Supervised Release.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant expressly waives all of his rights to appeal his conviction and the sentence the Court imposes, including the requirement that he must register as a sex offender upon his release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d). Defendant waives the right to appeal any restitution order imposed by the Court.

Defendant further expressly waives the right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence. Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's

Plea Agreement - 15

convictions on the Superseding Indictment be set aside, vacated, reversed, or dismissed under any circumstance, this Plea Agreement shall become null and void and the United States may prosecute Defendant on all available charges.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Sex Offender Registration</u>

Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of his term of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his lifetime. Defendant agrees that during the duration of his registration requirement, he will keep his registration current with the state sex offender registration agency or agencies of any state in which he lives or resides for more than 72 hours. Defendant agrees that during the duration of his registration requirement, he will notify the state sex offender registration agency or agencies of any state in which he lives or resides for more than 72 hours of changes to his name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies.

Defendant agrees that he will verify his sex offender registration information with state sex offender registration agency or agencies of any state in which he lives or resides for more than 72 hours. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such requirements.

Defendant acknowledges that if he resides in the State of Washington following his release from prison, he will be subject to the registration requirements of RCW § 9A.44.130.

Plea Agreement - 16

Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration of the state of his release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____    2/18/2020
David M. Herzog              Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my

Plea Agreement - 17

rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     2/18/20
Dennis Michael Hogan                 Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's pleas of guilty.

_____     2·18·20
Bevan Maxey                         Date
Attorney for Defendant

Plea Agreement - 18