William D. Hyslop
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS MICHAEL HOGAN,<br><br>Defendant. | Case No.: 2:18-CR-00058-RMP-1<br><br>United States' Opposition to Defendant's Motion To Be Released Pending Sentencing<br><br>Hearing on the Motion:<br>July 24, 2020, at 4:00 p.m. via VTC<br><br>Court:<br>Hon. Rosanna Malouf Peterson<br>United States District Judge |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, hereby opposes Defendant Dennis Michael Hogan ("Defendant")'s Motion for Release Pending Sentencing. (ECF No. 142.) To the extent that Defendant frames his motion as an appeal of his prior detention order (ECF No. 118), the United States opposes the motion both because it was not promptly filed as required, and because it is substantively meritless.

Defendant is a danger and a flight risk, has previously violated this Court's terms of release, and is currently awaiting sentence that has been continued specifically because Defendant sought more time for sentencing.

There is no basis in law or fact for Defendant's release. The United States' opposition is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 17, 2020

William D. Hyslop
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Introduction

Defendant Dennis Hogan ("Defendant")'s motion for release pending sentencing is puzzling, to say the least. He has been convicted of Online Enticement, but as this Court well knows, his relevant conduct is more egregious and dangerous than communicating with a single minor on one occasion; his online sexual predations targeted many minor girls in the Philippines over the course of years. ECF 135. He is currently detained because he violated his pretrial release conditions by engaging in the unauthorized use of the Internet in January 2020 – conduct that the Court had already *twice* forbidden after contested modification hearings – and by trying to obtain a false Idaho identification on the dark web, presumably to aid in fleeing this jurisdiction. *See* ECF 117, 118, Gov't Revocation Exhibits (submitted to Magistrate Court). Defendant has repeatedly demonstrated that he is a danger and a flight risk, and he is clearly not willing or able to comply with supervision. His motion is meritless and should be denied.

## B. Standards of Review

Despite being the moving party, Defendant has not identified any of the relevant standards of review. The United States submits that the following standards of review and burdens of proof apply.

Defendant has been convicted of Online Enticement in violation of 18 U.S.C. § 2422(b), a charge that understandably carries a potential life sentence, as well as the presumption of detention under 18 U.S.C. § 3142(e)(3)(E). If the Court considers Defendant's filing to be a newly-brought motion for release after a violation of a condition of supervision, the burden is on Defendant to establish by clear and convincing evidence that he should not be detained. Fed. R. Crim. P. 32.1(a)(6) ("the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person").

To the extent that Defendant frames his motion as an appeal of the January 29, 2020, Detention Order by the Hon. John T. Rodgers, United States Magistrate Judge (ECF No. 118), it is untimely and the United States objects on that basis. Defendant filed the motion on July 14, 2020, more than five months after Judge Rodgers' order on January 29, 2020. ECF Nos. 118, 122. Defendant has failed to comply with the promptness requirements of the Detention Order Review Protocol for the Eastern District or Judge Rodgers' case-specific order that any request for review be filed promptly. ECF No. 118. This Court is in a position to rule that the motion for review was not filed promptly, and deny it on that basis alone.

If the Court construes Defendant's motion as a prompt request to review Judge Rodgers' detention order, the United States submits that there are no "exceptional reasons why [Defendant's] detention is not appropriate" under 18 U.S.C. § 3145(c). Defendant's charge carries a maximum sentence of life imprisonment under 18 U.S.C. § 2422(b), and therefore he was subject to detention under 18 U.S.C. § 3143(a)(2) because he could not show by clear and convincing evidence that he was neither a flight risk nor a danger, in a case described under 18 U.S.C. § 3142(f)(1)(B) (an offense with a statutory maximum of life imprisonment).

Regardless of how the Court construes Defendant's motion, he cannot meet his burdens of proof, either as the moving party, or as a person who is detained having violated a term of supervision.

**C.    Argument**

Defendant's release is as unwarranted now as it was in January, and nothing has changed. He continues to fail to demonstrate by clear and convincing evidence that he should be released, much less that there are any exceptional reasons why his ongoing detention is inappropriate.

Defendant has literally had years to resolve the dental, medical, debt-related, business, boat transportation, sawmilling, bank account, tax, and communication/ goodbyes issues that he now claims – without providing any documentation – that he

cannot conveniently accomplish. He asserts that he needs to be released to attend to these critical issues now that sentence is looming and he is in custody, but if that is true, it is only because he squandered the years that he was released pending trial. Even setting aside his failure to tend to these matters during the extended pretrial litigation in this case, there was *still* an easy way for Defendant to get his affairs in order pending sentencing – he merely needed to comply with supervision instead of using the Internet (in direct violation of Judge Rodgers' repeated orders) and trying to obtain false identification. He did not do so; it is only his own conduct that has put him in this position.

Defendant cites no authority – none – that suggests any legal basis for post-violation, post-plea, pre-sentencing release to resolve personal housekeeping matters like moving a boat from one place to another. *See* ECF No. 122. Indeed, a Defendant's convenience is listed nowhere in 18 U.S.C. § 3142 as a factor to be balanced against his flight risk and danger, and the Bureau of Prisons routinely handles much more complicated medical issues than physical examinations and dental work.

Much printer toner has already been spilled to establish: (a) that Defendant is a flight risk and a danger; (b) that there is no meaningful way to monitor Defendant's Internet use once he leaves custody; and (c) that he has a history of noncompliance with this Court's supervision orders. Accordingly, the United States now points the Court to the documents already in the record that demonstrate why Defendant's ongoing detention is appropriate under the relevant statutes and standards:

| CR | Document | Relevance |
|---|---|---|
| 30 | Order Denying First Motion To Modify Internet Conditions | There is no meaningful way to monitor Defendant's Internet use if he is released |
| 42 | Gov't Opposition To Second Motion To Modify Conditions | There is no meaningful way to monitor Defendant's Internet use if he is released |
| 62 | Gov't Proffer Of Facts | Defendant is a sexual predator and a danger to the community |
| 117 | Gov't Exhibits In Support Of Detention, Submitted to Magistrate Court | Defendant is unable or unwilling to comply with supervision, and used the Internet to seek false identification |

Opposition to Defendant's Motion for Release Pending Sentencing – page 3

| 118 | Order Granting Detention Following SR Violation | Defendant refuses to comply with supervision; unrebutted evidence shows he used the Internet to obtain false ID, which is relevant to flight |
| --- | --- | --- |
| 122 | Plea Agreement | Factual basis demonstrates that Defendant is a danger to the community |
| 134 | Addendum To PSIR | Probation Officer's responses to Defendant's objections demonstrate that Defendant is a danger to the community |
| 135 | PSIR | Offense Conduct and Guidelines analysis demonstrate that Defendant is a danger to the community and cannot be meaningfully supervised |

Because of the posture of this case, this Court already read some of Defendant's solicitations of child pornography in exchange for money, and already reviewed some of the arrangements he made to engage in sex with minors abroad. ECF 62, 135. Thus, this Court already knows that *after* HSI caught Defendant engaging in child pornography conduct and seized his devices, FBI caught him engaging in the same conduct with Minor Female 7 in a totally separate investigation. ECF 135, ¶¶ 52-59. Thus, this Court already knows that Defendant has demonstrated resistance to engaging in pro-social behavior when he is out of custody. He continued to engage in illicit sexual communications with Minor Female 7 after federal agents executed a search warrant at his residence and seized his digital devices. *Id.* He simply instructed her to *live-stream* child pornography of herself instead of sending him still images, because Facebook monitors images and that is how he got caught the first time.

Defendant made the same unavailing points before Judge Rodgers that he now makes before this Court. Nothing has changed and nothing meaningful has been offered anew. As Judge Rodgers ruled, the evidence adduced at the revocation hearing in January 2020 demonstrates that Defendant had access to the Internet at his residence in Deer Park, and that he had been using Snapchat – a platform that deletes online communications – in direct contravention of Judge Rodgers' *repeated* orders denying Defendant's requests to modify his conditions to allow Internet use. ECF Nos. 39, 40,

118. It thus seems clear that if Defendant disagrees with the Court's rulings, he will simply defy them. That is not the conduct of a person who can reasonably be released.

In addition to the danger Defendant has always presented to minor girls, the United States is concerned about his increased incentive to flee now that he faces the certainty of a 10-15 year federal sentence being imposed in August 2020 if the Court accepts the parties Rule 11(c)(1)(C) Plea Agreement. Given his history of alleged and confirmed noncompliance with supervision,[1] the Court can have little confidence that he will comply with an order by this Court that he appear for sentencing in August.

The arguments about Snapchat and the "INTRAnet" that Defendant made in January are as unsupported and/or irrelevant now as they were then. The United States stands on the extensive evidentiary record it put forward at the original contested hearing on January 28, 2020, including the entire audio recording of the hearing, the photographs and 63 pages of exhibits demonstrating Defendant's Internet use and efforts to obtain false identification, the testimony of two United States Probation Officers and a Special Agent from HSI, and the United States' cross-examination of Defendant's witness.

Included among the adduced evidence in January were statements made to a Probation Officer indicating that Defendant was planning to flee; those statements were indeed hearsay as Judge Rodgers noted (which is permissible in detention hearings), but the United States submits that they have sufficient indicia of reliability for the Court to consider them relevant on the issue of flight risk. That is particularly true when evidence of Defendant's efforts to flee are corroborated by his unrebutted efforts to obtain false identification.

Finally, Defendant's motion for release pending the continued sentencing hearing is particularly confounding, given that it was *Defendant* who sought a sentencing continuance from July 6, 2020, to August 26, 2020. ECF No. 137.

---

[1] As the Court knows, the United States also requested that an entirely separate pretrial violation of state law in Stevens County be dismissed as part of the Plea Agreement in this case. ECF No. 122, ¶ 7(b).

Opposition to Defendant's Motion for Release Pending Sentencing – page 5

**D. Conclusion**

For all the foregoing reasons, the entire record in this case, Defendant's danger to the community, his risk of flight, and his demonstrated unsupervisability, the United States respectfully submits that Defendant's motion should be denied and the Court should proceed to sentencing in August with him in custody.

Dated: July 17, 2020

William D. Hyslop
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney