FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DENNIS MICHAEL HOGAN,<br><br>　　　　　　　Defendant. | NO: 2:18-CR-58-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING |

BEFORE THE COURT is Defendant Dennis Michael Hogan's Motion for Release Pending Sentencing, ECF No. 142. Having reviewed Defendant's Motion, ECF No. 142; the Government's response opposing Defendant's release, ECF No. 144; Defendant's reply and supporting affidavit, ECF Nos. 145 and 146; and the remaining argument; and having heard oral argument from counsel and remarks from Defendant, who is in custody of the U.S. Marshal and appeared before the Court via video conference from the Spokane County Jail; the Court is fully informed. This Order memorializes the Court's oral ruling at the conclusion of the hearing.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING ~ 1

On February 18, 2020, Defendant pleaded guilty to Count 2 of a 13-count superseding indictment. ECF No. 122. Count 2 charged online enticement of a minor female, in violation of 18 U.S.C. § 2422(b).

Prior to Defendant's change of plea, on January 29, 2020, United States Magistrate Judge John T. Rodgers revoked Defendant's pretrial release following a detention hearing and after concluding that Defendant had violated a term of his supervised release prohibiting him from accessing the internet. ECF No. 118. Based on evidence and argument presented at the detention hearing, Judge Rodgers found that Defendant had admitted to using the internet to communicate with his son through Snapchat. *Id.* at 2. Judge Rodgers found that Defendant had accessed the internet for this purpose despite regularly using text messaging, which did not utilize an internet connection, and having twice been denied a modification of pretrial release conditions to allow access to the internet. *Id.* Judge Rodgers further found that Defendant had not rebutted "somewhat inferential" evidence from the Government that Defendant had accessed the internet "regarding the purchase of a fake Idaho driver's license." *Id.*

Sentencing is scheduled for August 26, 2020. ECF No. 138. Pursuant to the Fed. R. Crim. P. 11(c)(1)(C) plea agreement, the parties agreed to a term of imprisonment range of imprisonment of 120 to 180 months. ECF No. 122 at 2.

Section 3143 of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, addresses the standard to be used when considering release or detention of a defendant pending sentence.  Section 3143 provides

> The judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).  "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

Defendant set forth a variety of reasons why he requires additional time before his anticipated custodial sentence to settle his business and personal affairs.  However, Defendant's understandable interest in spending the remaining weeks before his sentencing to arrange his business and personal affairs, and to pursue non-emergent dental and medical care, does not amount to clear and convincing evidence that Defendant does not pose a risk of flight or a danger to the community.  Rather, Defendant's disregard for a condition of supervised release, access to the internet, that is directly related to the offense to which Defendant pleaded guilty, supports that Defendant poses a danger to other people and the community.  Defendant also has not rebutted the evidence produced by the

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING ~ 3

1  Government at the January 2020 detention hearing before Judge Rodgers that
2  indicated that Defendant may have been seeking a fake driver's license.  Although
3  the Court is sympathetic to Defendant's circumstances, specifically his interest in
4  taking care of needs and responsibilities that will be more difficult to manage while
5  incarcerated, the Court concludes that Defendant has failed to provide clear and
6  convincing evidence that supports release under 18 U.S.C. § 3143(a)(1).

7  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for
8  Release Pending Sentencing, **ECF No. 142**, is **DENIED**.

9  The District Court Clerk is directed to enter this Order and provide copies to
10 counsel.

11 **DATED** July 29, 2020.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING ~ 4