Bevan J. Maxey
Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
(509) 326-0338 ph.
(509) 325-4490 fax

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Dennis Michael Hogan,<br><br>　　　　　　　　　　Defendant. | **No.　2:18-CR-00058-RMP**<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>*August 26, 2020 at 11 a.m.* |

## I. Introduction

COMES NOW Defendant, DENNIS HOGAN, by and through his attorney, Bevan J. Maxey and submits the following sentencing memorandum. Mr. Hogan respectfully recommends the Court impose a sentence of 120 months' imprisonment followed by a lifetime term of supervised release. He further asks the Court not to impose a fine considering his financial condition and ability to pay, and to not order restitution for the same reasons. This recommendation is based upon the memorandum of authorities set forth below, and upon the files and records in this case.

DEFENDANT'S SENTENCING MEMORANDUM - 1

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

## II. Background

### A. Procedural Background

On April 3, 2018, the grand jury for the Eastern District of Washington returned an eight-count indictment charging Mr. Hogan with production, receipt, distribution, and possession of child pornography. ECF No. 1. Mr. Hogan was arrested pursuant to a warrant on April 4, 2018, and he plead not guilty to the charges that same day. ECF Nos. 7, 10. Mr. Hogan was released on conditions at his detention hearing on April 9, 2018. ECF No. 16.

Then, on December 18, 2019, the Government filed a thirteen-count superseding indictment charging Mr. Hogan with, among other things, online enticement. ECF No. 93. Mr. Hogan pleaded not guilty to the superseding charges at his December 20, 2019 arraignment, and the Court allowed him to remain on pretrial release pending a revocation hearing. ECF No. 100.

Mr. Hogan was subsequently arrested on January 17, 2020 pursuant to a warrant authorized after the filing of a petition to revoke pretrial release. ECF Nos. 113, 114. At the January 28, 2020 hearing, the Court ultimately revoked Mr. Hogan's pretrial release because he had the "Snapchat" application on his phone and an internet router in the business area of his home. ECF No. 118.

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

After his pretrial release was revoked, Mr. Hogan and the Government negotiated a resolution to this case. Pursuant to his Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Mr. Hogan pleaded guilty to Count Two of the superseding indictment on February 18, 2020. ECF Nos. 121, 122. The Court accepted Mr. Hogan's guilty plea. ECF No. 123.

B.    **Offense Conduct**

Mr. Hogan accepts and relies upon the offense conduct as it appears in his Rule 11(c)(1)(C) plea agreement. ECF No. 122 at 5-7.

C.    **Plea Agreement Summary**

Mr. Hogan's Rule 11(c)(1)(C) plea agreement with the Government, ECF No. 122, is summarized as follows:

- The parties agree to recommend a sentence of 120 to 180 months' imprisonment followed by a lifetime term of supervised release.
- The parties agree they may make independent recommendations regarding the imposition of a fine.
- Mr. Hogan agrees neither the Court's imposition of a fine nor the Court's imposition of restitution are bases upon which he may withdraw from the plea agreement.
- The Government agrees to dismiss Count One and Counts Three through Thirteen of the superseding indictment at the time of sentencing.
- The Government agrees not to bring charges pursuant to 18 U.S.C. § 1591(a)(2), (b)(1), or (b)(2).
- The parties agree the **base offense level is 28**, pursuant to USSG § 2G1.3(c).
- The parties agree Mr. Hogan's base offense level should be enhanced

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

upwards by 2 levels for his use of a computer pursuant to USSG § 2G1.3(b)(3), 5 levels pursuant to USSG § 4B1.5, and 5 levels pursuant to USSG § 3D1.4, resulting in an **adjusted offense level of 40**.

· The parties agree the Court should reduce Mr. Hogan's adjusted offense level by 3 levels for his acceptance of responsibility, resulting in a **total offense level of 37**.

· Mr. Hogan agrees to forfeit all rights and interests in the property outlined in the plea agreement.

### D. Mr. Hogan's Personal History

Mr. Hogan was born in Spokane, Washington in 1959. Both of his parents are deceased. His mother passed away approximately 40 years ago from a heart attack and his father died from organ failure, heart problems and a life long battle with diabetes. He is the youngest of his living siblings, to wit: Velma Riddle, sister, 72 years old; Pat Miller, sister, 69 years old; Ron Hogan, brother, 66 years old; and Rod Hogan, brother, 63 years old. Each of his siblings have been diagnosed with diabetes, high blood pressure, high cholesterol and other potentially fatal conditions. His oldest brother passed at the age of 72 due to diabetes, dementia and other related health conditions.

Mr. Hogan graduated from Cusick High School in 1977. After graduation, Mr. Hogan worked at a local sawmill and other odd jobs for approximately three years. He then attended Spokane Falls Community College for a year and then attended college at Eastern Washington University where he obtained his degree

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

in education in 1984. Mr. Hogan put himself through college with no family assistance. He later completed a number of courses through Columbia Pacific University in the area of business.

From 1984 to 1985 he was employed in the Shelton, Washington area as a 4th grade teacher. From 1985 to 1989, Mr. Hogan worked as a substitute teacher and outside independent sales representative and sales manager.

Mr. Hogan decided to leave teaching and use his interest in business to become self-employed and open his own business. From 1989 through 1994 he owned and operated The Shampoo Company in Coeur d'Alene, Idaho.

From 1994 through 2001, Mr. Hogan was employed as a business consultant doing CEO level consulting helping businesses with growth, transition, and value analysis.

In 2001 he began another business "Dog Fence of America" which he operated until 2014. In 2001 he also started the company which would later become True Amalgamated which manufactures dual battery connection systems for all terrain vehicles, boats, RVs and automobiles as well as replacement golf cart battery cables. batteries and electrical components for all-terrain vehicles, boats, and automobiles. This business is now known as TrueAm Incorporated which, although experiencing transition difficulties, continues to operate and service related debt.

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

In 1996, Mr. Hogan married Pam McLam; in 2001 he and his wife had their only child, Clinton. In 2006, Mr. Hogan and Ms. McLam divorced. Mr. Hogan is currently 60 years-old, and he has resided primarily in the greater Spokane/Eastern Washington area. Mr. Hogan moved north of Spokane to Clayton, Washington in 2006 after his divorce. Their son Clint was diagnosed with autism and Mr. Hogan and his former spouse have a 50/50 plan – shared placement of Clint.

Mr. Hogan is very close with his son. The impact of this case on his relationship with his son is among Mr. Hogan's biggest regrets. Mr. Hogan has been a primary caretaker for his son. He believes in his son's capabilities, and regrets he will be unable to guide his son through his young-adult life in terms of helping him continue employment, learn and develop skills and independence while meeting his financial needs. Depending on the sentence the Court imposes, Mr. Hogan understands there is a possibility he may never see his son again due to Mr. Hogan's age, family health conditions, type of charge and length of sentence he faces.

Since his son's birth, it has been Mr. Hogan's goal to teach him as much as possible and instill it him that he should not be held back and limited by his autism. Mr. Hogan drew on his skills, knowledge, and experience as a teacher, as well as his proficiency as a business owner so that he could do his best to have Clint live

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

as independently as possible. Nearly everything Clint knows has been the product of his father's extraordinary involvement. Mr. Hogan is hopeful that the business will survive his absence so that it can continue to help support Clint by providing him meaningful employment and possible provide Mr. Hogan employment should he survive incarceration.

Mr. Hogan has been an entrepreneur in the community most of his adult life. He has supported himself and his family through his own hard work. He has shared his successes with the community too, by giving and helping where he can. In fact, unrelated to the charges in this case, Mr. Hogan has also supported many hard-working individuals in the Philippines by providing money to help with employment requirements, basic needs, business opportunities and obtaining an education. Mr. Hogan is more than the crime he has committed in this case; he is generous, hard-working, caring, and supportive. His entrepreneurial successes have allowed him to do good, philanthropic work in this community and abroad.

Mr. Hogan truly regrets his actions that led him here. He believes his loneliness in recent years led him to seek relationships online. Over many years he may have developed an addiction to pornography, which likely led him to make the poor choices which placed him before this Court. Mr. Hogan desires to undergo professional evaluation and to complete any recommended sex offender programs and/or treatment for any contributing or related condition both during his term of

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

imprisonment and thereafter.

For further information on Mr. Hogan's personal character, please review the letters from friends and family attached to this brief. Some instances of their thoughts on Dennis Hogan are:

1. His sister Velma Riddle states, "Dennis is a very hard driven and accomplished man. His greatest accomplishment is his success in raising the most awesome young man, his son Clint."

2. Randi Bain, his niece states among other things, "Dennis is a hardworking man and has created a successful internet retail business that financially supports himself and his son Clint. His self-employment has also afforded him the ability to spend extensive time with Client who was diagnosed with autism at a very young age."

3. His nephew, Jeremy Hogan writes, "Dennis is a very straight forward individual and a bit blunt, but he would most certainly give you his shirt off his back or come help you out if you asked without a bat of an eye".

4. Clint Hogan, his son, states, "I miss hanging out and having my father to spend time with. He taught me how to build a house and was teaching me how to drive….. I want to see my dad again someday."

5. Another niece, Kimberly Anderson writes, "Clinton couldn't ask for a

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

better parent to help guide him through the challenges of autism." And, "Uncle Denny has been a positive role model for all three of my children, showing them how to do outdoor chores, numerous outdoor activities and camping skills."

6. Allen Skimming, a lifelong friend writes, "I have known Dennis ever since he was in high school. Dennis has always been very helpful and kind to me, always ready to help me in anything that I need help with...." "Again Dennis is a man and a father, with a great heart."

7. And his sister Patricia Miller writes, "When I was divorced and needed work, he gave me a job. I had never worked outside the home before. Dennis showed me that I was able to take care of myself and my girls."

Mr. Hogan is clearly a kind, caring, generous, hardworking and self-supporting person who helps others often without thinking twice.

Mr. Hogan has very little criminal history. He had a 3rd degree theft when he was 18 years old; a negligent driving charge in 1995; a 4th degree assault charge in 2006; and a recent incident in Stevens County which has subsequently been dismissed. The incident in Stevens County came about because Mr. Hogan was startled when a firefighter appeared at the back private side of the business. He simply reached to put his hand on the firefighter's shoulder attempting to show him where he should have come to the front

DEFENDANT'S SENTENCING MEMORANDUM - 9

public-access door adjacent to the parking area and rang the bell as the large sign indicated. An employee of the business and Mr. Hogan's brother were there and witnessed the entire matter. Both men were available to testify that there was nothing to this incidence.

### III. Guideline Calculation

The Court should adopt the terms of the parties bargained for Rule 11(c)(1)(C) plea agreement, and calculate Mr. Hogan's total offense level as 37. A total offense level of 37 and Mr. Hogan's criminal history category of I results in a Guideline range of 210-262 months' imprisonment. As the Court is well aware, the Court is not bound by the sentencing guideline calculations. According to the plea agreement, both parties agree that there should a downward departure/variance from the guideline calculation.

### IV. 18 U.S.C § 3553

**A. Section 3553(a) factors warrant a downward variance from the Guideline calculation.**

The district Court "must properly use the [Sentencing] Guideline calculation as *advisory* and start there …." *U.S. v. Zavala*, 443 F.3d 1165, 1171 (9th Cir. 2006) (emphasis added). The Sentencing Guideline is not to have greater weight than the other factors enumerated in 18 U.S.C. § 3553(a). *Zavala*, 443 F.3d at 1171. The Sentencing Guideline calculation is just one factor when selecting the most appropriate sentence. *Id.* The other statutory factors include:

DEFENDANT'S SENTENCING MEMORANDUM - 10

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed … (3) the kinds of sentences available; (4) the sentencing ranges established by the USSG; (5) any pertinent policy statement issued by the USSG; (6) the need to avoid unwarranted sentence disparities among defendants with similar records or who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18. U.S.C. § 3553(a).

Section 3553(a) also directs the Court to impose a sentence "sufficient, but not greater than necessary" to comport with "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law … to provide just punishment … to afford adequate deterrence … to protect the public … and to provide the defendant with needed" training, care, or "other correctional treatment in the most effective manner." *Id*.

Here, Mr. Hogan is 60 years old. Punishment comes in a number of different manners. Mr. Hogan will be spending years in jail, having no serious criminal history previously. His incarceration is even more precarious presently due to COVID 19. No one truly knows what that can mean for an elderly individual entering the system considering the present virus-riddled condition of the prison system. As stated earlier, Mr. Hogan has a number of health conditions that put him more at-risk than others to include his high blood pressure and a family history of diabetes and heart disease.

There is the punishment of leaving his son behind and knowing the impact it

DEFENDANT'S SENTENCING MEMORANDUM - 11

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

will have on his son.   Not only is Mr. Hogan being punished, but sadly his son, Clint, is losing the extraordinary influence of his father.

TrueAm Inc., the business Mr. Hogan developed to support his son and himself has already suffered and could fail in his absence. He is leaving behind substantial debt and without his direction the business may not be able to generate the income necessary to pay toward that debt.   The potential lack of income may also result in the loss of their home.   It is Mr. Hogan's desire to leave the business in a condition that would continue to provide for the support of his autistic son Clint in the form of meaningful employment which is essential to vital areas of his future development, independence and fundamental happiness and success with life.

It is very unfortunate that that the federal system does not provide for treatment alternatives for people who don't have significant criminal history whose problems could potentially be remedied by treatment and counseling. There is a point where incarceration serves no purpose other than to house people in prison cells, who have otherwise proven to be productive in society.   There is nothing to be gained by continued incarceration of Mr. Hogan after 10 years.   Mr. Hogan will be a 70-year-old person with significant health issues who can be monitored by lifetime supervision and who no longer will be able to travel outside the United States.

> 1. *Consideration of the nature and circumstances of the offense and Mr. Hogan's history and characteristics warrants a downward variance from the Guidelines.*

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

As noted in the PSIR, ECF No. 135 at 20-23, Mr. Hogan has minimal criminal history. Notably, he has never been charged with or convicted of a sexual offense prior to this case. He does not have a history of sexual misconduct. This case is an outlier in Mr. Hogan's otherwise law-abiding life.

While Mr. Hogan *does not* wish to minimize his conduct, he respectfully requests the Court consider and give weight to the fact this is his first sexual offense. As such, it would be appropriate to depart from the advisory guideline range, and sentence him according to the statutory minimum term of imprisonment, as contemplated by the parties in their agreed upon sentencing range and concentrate more on treatment and rehabilitation rather than incarceration.

Mr. Hogan accepts full responsibility for his conduct and his actions in this case. He does not wish to shift blame or make excuses; however, he does wish to stress to the Court his sincere regret for the actions that led him here. At the time law enforcement came to his home with the search warrant he was cooperative with law enforcement and his misplaced ignorance of the law is reflected in his statement.

Due to the sentencing structure, it is easy to consider relevant conduct only that which is negative for a defendant. However, there was other conduct that is relevant to Mr. Hogan's contact with the Philippines. The Philippines was a place

DEFENDANT'S SENTENCING MEMORANDUM - 13

where Mr. Hogan was able to get his dental work done at a significantly reduced cost. In addition, there were a number of people in the Philippines who contracted with Mr. Hogan's business – the individuals who provided the search engine optimization for his website are based there, the graphic artist for his website was there, etc. He had contact with the Philippines that was not related to the conduct which resulted in his charges.

On a more personal level, Mr. Hogan began looking for a life partner or wife. He appreciated the Philippines because of their cultural belief in marriage and their commitment to it. He wanted someone to be there to survive him.

Mr. Hogan wanted to ensure his son's continued development and financial security so he began to look for a partner that would provide companionship and would result in someone being present to oversee his son's financial security upon his death. There was also the possibility of providing him with siblings with which he could build a social relationship and they could care for each other. At one point, Mr. Hogan was engaged to Juliana Eskandal, a woman from the Philippines who was approximately 30 years old, and they had completed all Visa steps except the consulate interview to bring her and her children here for marriage.

He began helping families in the Philippines and through his contact with them his Facebook friendships multiplied. Mr. Hogan assisted people in obtaining the necessary documentation so they could work, he helped pay their

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

medical and dental expenses, he paid rent and utilities for families who had the inability to do so, he paid for computers to assist with schooling and work, he assisted a pharmacist graduate in relocating to secure employment, he purchased several washing machines, he financially assisted individuals so they could visit their other family members , etc.   He did these things for a number of years in an amount estimated to exceed $60,000.

It is important to note that Mr. Hogan was very straight forward with law enforcement when they contacted him. He acknowledged his contact with the Philippines.   He displayed his misguided understanding of the law based upon his belief as to the difference in the legal standards between the Philippines and the United States.

Mr. Hogan is now fully aware of the unlawfulness of his conduct, and he understands ignorance of the law is no defense.   Mr. Hogan understands the severity of his conduct, and the severity of the related punishment the Court must order.   Mr. Hogan is desirous of continuing to learn through treatment/therapy the genesis of his behavior and to utilize that information and the skills to avoid problems in the future. Considering the nature and circumstances of the offense and Mr. Hogan's age, health issues, history and characteristics, a sentence of 120 months' imprisonment followed by a lifetime of supervised release, is appropriate punishment.   It is sufficient to fulfill all the purposes of a fair and just sentence.

    *2.    Mr. Hogan's sentencing recommendation is sufficient, but not*

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

*greater than necessary, punishment.*

A sentence of 120 months' imprisonment followed by a lifetime of supervised release satisfies the statute's contemplated punishment for this crime. If the Court sentences Mr. Hogan to 120 months' imprisonment, he will likely be 70-years-old by the time he is released from incarceration. A lifetime of supervision will ensure he lives the rest of his life as a law-abiding citizen. Any computer or digital device he may own will be subject to prior approval and monitoring. His travel will be restricted. He will complete sex offender treatment. Mr. Hogan's recommended sentence will protect the public, afford deterrence, provide just punishment, and provide Mr. Hogan the opportunity to seek the appropriate correctional treatment. A sentence of 120 months' imprisonment followed by a lifetime of supervised release is more than sufficient, but not greater than necessary, punishment for Mr. Hogan's crime.

## V. Conclusion

Based on the authorities discussed above, Mr. Hogan respectfully recommends the Court impose a sentence of 120 months' imprisonment followed by a lifetime term supervised release.

Respectfully submitted this 18th day of August, 2020.

*s/ Bevan J. Maxey*
Bevan J. Maxey
Attorney for Defendant, Mr. Dennis Hogan

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant(s).

David M. Herzog
Assistant United States Attorney
920 West Riverside, #300
Spokane, WA 99201

/s/ Holly Eagle
Maxey Law Office PLLC
West 1835 Broadway
Spokane, WA 99201
(509)326-0338

DEFENDANT'S SENTENCING MEMORANDUM - 17

MAXEY LAW OFFICE PLLC
1835 West Broadway
Spokane, WA 99201
509-326-0338
509-325-4490 facsimile